UNITED STATES, Appellee,

v.

Private First Class Michael A. ROBINSON, 311–88–5893, United States Army, Appellant.

ACMR 8802731.

U.S. Army Court of Military Review.

23 Feb. 1990.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Paula C. Juba, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain George R. Johnson, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the military judge found the appellant guilty of two offenses occurring on or about 24 May 1988, namely, conspiracy to wrongfully distribute fourteen grams of marijuana and wrongful distribution of that marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1982 and Supp. V 1987). A general court-martial panel composed of officers sentenced the appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction in grade to Private El. The convening authority approved that sentence.

### I. Uncharged Misconduct in the Stipulation of Fact

The appellant contends that the stipulation of fact, which he entered into pursuant to a pretrial agreement with the convening authority, was erroneously admitted into evidence to the extent it described uncharged misconduct. The stipulation described the aforementioned offenses of 24 May 1988 and uncharged misconduct, a pu-

tative distribution of seven grams of marijuana by the appellant on 25 June 1988, and five uses of marijuana "prior to 24 May 1988" with another soldier with whom appellant shared an apartment. The appellant had bargained for a pretrial agreement in which confinement would not exceed eighteen months and the charge of distributing the seven grams of marijuana on 25 June 1988 would be dismissed. However, prior to the date of trial, the stipulation had not been signed. The proposed stipulation contained a provision that the statements of fact in the stipulation were "admissible in evidence." After hearing the defense counsel's reluctance to concede the issue of admissibility, the military judge allowed the parties to delete that provision.

At one point in the discussion about the stipulation of fact, the trial defense counsel asserted that the appellant had bargained to delete this alleged misconduct from consideration at the trial altogether. At another, the appellant elected, in effect, that the military judge decide the issue of admissibility of the mentioned uncharged misconduct and, regardless of that ruling, to proceed with the pretrial agreement. The trial counsel also elected the latter course. We find that the government did not "overreach" in this case. The appellant voluntarily and intelligently elected to continue with the pretrial agreement, and have the military judge decide the issue of admissibility of the uncharged misconduct. This procedure is permissible. *See United States v. Glazier*, 26 M.J. 268, 270 (C.M.A. 1988).

The appellant questioned how the uncharged misconduct "directly related" to the charged misconduct. Finally, after argument by the trial counsel that he could show that the two drug distributions were tied together, the military judge ruled that the references to uncharged misconduct were admissible under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(4) [hereinafter R.C. M.], as directly related to the offenses of

which the appellant was found guilty, and that the requirements of Military Rule of Evidence 403[1] were met. *See* Manual for Courts–Martial, United States, 1984, Mil.R. Evid. 403 [hereinafter Mil.R.Evid. 403].

■ As did the military judge, we find that the evidence of uncharged misconduct was admissible. Uncharged misconduct that follows the charged offense must flow from the charged offense in order to be "directly related" to the charged offense. *See United States v. Wingart*, 27 M.J. 128, 135 (C.M.A.1988). A direct nexus existed for the second drug distribution for which the appellant was charged. Even though they occurred a month apart, the first distribution established a commercial relationship of the participants for the second distribution to occur. The government agent stated at the time of the first distribution that he would return for a subsequent distribution.

■ Regarding uncharged uses of marijuana described in the stipulation, the appellant's failure to object waived any error in its admissibility. Plain error is not present. *See* R.C.M. 1001(b)(4) and Mil.R. Evid. 103(d). Additionally, neither set of uncharged misconduct was excludable under Military Rule of Evidence 403.

## II. Aggravation from the Record of Nonjudicial Punishment

■ The appellant contends that the military judge erred by admitting into evidence during sentencing a written statement, dated 24 May 1988, that was submitted in proceedings that resulted in the imposition of nonjudicial punishment. The appellant received that punishment on 26 May 1988 for wrongful use of marijuana. The appellant's 24 May 1988 statement denied any involvement with marijuana. The military judge had at first excluded the statement because it was not referenced by the government on the Department of the Army Form 2627, Record of Proceedings

1. Mil.R.Evid. 403 provides:
    Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under Article 15, UCMJ (Aug. 1984) [hereinafter DA Form 2627]. That ruling was in error.

Army Regulation 27–10, Legal Services: Military Justice, paragraph 3–37(a) (22 Dec. 1989) [hereinafter AR 27–10], provides that all written statements considered by the commander will be transmitted with the original of the DA Form 2627. The appellant had indicated on the form that he had attached matters for consideration by the commander. That indication sufficed to show that the material was submitted by the soldier who was the subject of nonjudicial punishment proceedings, without specific identification of the document.

The commander designated that permanent filing of that record would be restricted from access during consideration of most personnel actions. Nevertheless, the record of nonjudicial punishment itself was properly admitted into evidence from the local personnel file. *See* AR 27–10, paras. 3–37b, c and 3–44b. Rule for Courts–Martial 1001(b)(2) authorizes personnel records designated by the Service Secretary, such as records of nonjudicial punishment properly maintained in the restricted part of personnel records, to be admitted during sentencing. *See* R.C.M. 1001(b)(2). Accordingly, statements of an accused that are properly attached to such records are admissible.

We have considered the issues the appellant raised personally and they have no merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.