# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ANTONIO N. HEYWARD**
**United States Army, Appellant**

ARMY 20120469

Headquarters, National Training Center and Fort Irwin
Michael Walther, Military Judge
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

24 September 2014

---------------------------------
OPINION OF THE COURT
---------------------------------

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of disrespect toward a superior commissioned officer, two specifications of making a false official statement, one specification of assault consummated by a battery, one specification of disorderly conduct, and three specifications of wearing unauthorized badges in violation of Articles 89, 107, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 889, 907, 928, 934 (2006).  The convening authority approved the adjudged sentence of a bad-conduct discharge and reduction to the grade of E-1.

This case is before the court for review pursuant to Article 66, UCMJ.  We have considered appellant's assignment of error and find it to be without merit.  We have also considered matters raised personally by appellant pursuant to *United*

*States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find one error that warrants discussion, but no relief.[1]

## FACTS

During sentencing proceedings trial counsel offered and the military judge admitted Prosecution Exhibit (PE) 16, a field grade Article 15 (Department of the Army Form [hereinafter DA Form] 2627, Record of Proceedings under Article 15, UCMJ) reflecting that appellant was found guilty in June 2011 of disrespect to a noncommissioned officer, committing an assault consummated by a battery against his spouse, and willfully altering a public record: his noncommissioned officer evaluation report (NCOER).[2]

As part of PE 16, trial counsel also sought to admit the allied documents to the Article 15 by offering a copy of the entire Article 15 package maintained by the paralegal specialist. The allied documents consisted of a two-page military police desk blotter entry and seven pages of sworn statements regarding the assault consummated by a battery against appellant's spouse, as well as a sixty-page Commander's Inquiry[3] regarding appellant's alteration of his NCOER, to include all of the enclosures to that administrative investigation. Trial counsel argued that Army Regulation 27-10 [hereinafter AR 27-10], paragraph 5-29(a)(4), authorized admission of records of punishment under Article 15 "from any file in which the

---

[1] In his post-trial matters, appellant complained of three legal errors. The Staff Judge Advocate's (SJA's) failure to comment in the addendum on one of appellant's allegations of legal error—admission of testimonial hearsay—constitutes error. *See* Rule for Courts-Martial [hereinafter R.C.M.] 1106(d)(4). However, our superior court has permitted us to examine the underlying allegation of error, and if we find "there is no error in the first instance at trial, [then] we will not find prejudicial error in the failure of the SJA to respond . . . ." *United States v. Welker*, 44 M.J. 85, 88-89 (C.A.A.F. 1996); *see also United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) ("[Service courts are] free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the [SJA] or to corrective action by the convening authority."). Appellant has again raised the issue of improper admission of testimonial hearsay via *Grostefon* on appeal. Having thoroughly reviewed his claim, we hold it lacks merit and would not have resulted in a favorable recommendation by the SJA or any corrective action by the convening authority.

[2] The Article 15 specifications alleged violations of Articles 91, 128, and 134, UCMJ, respectively.

[3] *See* R.C.M. 303 (Preliminary inquiry into reported offenses).

record is properly maintained by regulation," and that the allied papers were properly maintained in accordance with paragraph 3-37(h) of AR 27-10, which stated: "the paralegal Specialist will maintain a copy of the completed DA Form 2627 with all allied documents for a period of two years."[4]

Defense counsel objected to the admission of the allied papers as hearsay and argued that R.C.M. 1001(b)(2) (authorizing admission of personal data and character of prior service of an accused) allowed only for admission of the record of punishment under Article 15 documented on DA Form 2627 and not the allied documents. Finally, defense counsel objected under Military Rule of Evidence [hereinafter Mil. R. Evid.] 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time). Over defense objections, the military judge admitted PE 16 in its entirety, ruling:

> Here is my decision. The only thing I have read so far is the first page of the 2627. . . . [O]n their face, these allegations are serious. . . . and yet, this was handled by nonjudicial punishment. I think, I owe it to [appellant] to find out as much as I can about this so I will know how serious they are and not just take at face value that there was an assault of [sic] conduct. That there is a forgery so . . . part of my ruling is based on my rule of completeness. This is a single record. Part of my ruling is based on [a] balancing test and relevance—relevance and balancing. I find that in all things considered I think it's critical that I have all of the information in the record.

## LAW AND DISCUSSION

We hold the military judge erred by admitting the allied documents to the Article 15 under the facts of this case.

When a military judge admits evidence in aggravation during sentencing over defense objection, we review the judge's decision for an abuse of discretion. *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009) (citing *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009)). When we conclude the military judge has so abused his discretion, we must determine whether admission of the evidence substantially influenced the adjudged sentence. *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005) (citing *United States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001)); *see also United States v. Reyes*, 63 M.J. 265, 267-68 (C.A.A.F. 2006).

---

[4] Army Reg. 27-10, Legal Services: Military Justice (3 Oct. 2011) was in effect at the time of appellant's trial.

R.C.M. 1001(b)(2) authorizes admission of personnel records of an accused "[u]nder regulations of the secretary concerned." Personnel records include "evidence of any disciplinary actions including punishments under Article 15" and "any records made or maintained in accordance with departmental regulations that reflect the past efficiency, conduct, performance, and history of the accused." R.C.M. 1001(b)(2).[5] However, even if evidence is admissible under R.C.M. 1001(b)(2), the evidence may be excluded under Mil. R. Evid. 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . ." *Cf. Ashby*, 68 M.J. at 120.[6]

The Secretary of the Army promulgated AR 27-10, and this regulation has several provisions governing the admission of records of Article 15 punishment under R.C.M. 1001(b)(2), including the following:

Paragraph 5-29(a) authorizing trial counsel to admit "copies of personnel records that reflect the past conduct and performance of the accused, made or maintained according to departmental regulations. Examples include . . . (4) Except for summarized records of proceedings under UCMJ, Art. 15 (DA Form 2627-1), records of punishment under UCMJ, Art. 15, from any file in which the record is properly maintained by regulation";

---

[5] *See also United States v. Ariail*, 48 M.J. 285, 287 (C.A.A.F. 1998) ("R.C.M. 1001(b)(2) does not provide blanket authority to introduce all information that happens to be maintained in the personnel records of an accused. Personnel records may contain entries of questionable accuracy, relevance, or completeness."); *United States v. Delaney*, 27 M.J. 501, 504 (A.C.M.R. 1988) (holding that "bootstrapping" impermissible information to an otherwise admissible personnel record is prohibited) ("'[W]hat the [g]overnment cannot successfully introduce into evidence through the front door it cannot successfully introduce through the back door via an administrative record-keeping regulation.'" (quoting *United States v. Brown*, 11 M.J. 263, 266 (C.M.A. 1981))). *Cf. United States v. Douglas*, 57 M.J. 270, 273-281 (C.A.A.F. 2002) (Baker, J., concurring) (Sullivan, J., concurring) (Effron, J., dissenting) (concluding that a stipulation of fact from a prior court-martial was inadmissible as a "personnel record" under R.C.M. 1101(b)(2)).

[6] A military judge who conducts a proper balancing test under Mil. R. Evid. 403 will not be overturned unless there is a "clear abuse of discretion." *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000) (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). A military judge receives less deference if he fails to articulate his balancing analysis on the record and receives no deference if he fails to conduct the Mil. R. Evid. 403 balancing test at all. *Id.*

Paragraph 3-36 providing that:

> [A]ll actions taken under Article 15, including notification, acknowledgement, imposition, filing determinations, appeal, action on appeal, or any other action taken prior to action being taken on appeal, except summarized proceedings . . . will be recorded on DA Form 2627. The DA Form 2627 is a record of completed actions and either the DA Form 2627 or a duplicate as defined in [Mil. R. Evid.] 1001(4) may be considered for use at courts-martial . . . independently of any written statements or other documentary evidence considered by an imposing commander, a successor, or a superior authority";

Paragraph 3-37(a) stating that "[t]he original DA Form 2627 will include as allied documents all written statements and other documentary evidence considered by the imposing commander or the next superior authority acting on an appeal";

Paragraph 3-37(h) requiring the paralegal specialist to maintain a copy of the completed DA Form 2627 with all allied documents for two years;

Paragraph 3-44(a) authorizing the use of records of proceedings and supplementary actions under Article 15 recorded on DA Forms 2627 and 2627-2 and providing that "*[a]llied documentation transmitted with the original or copies of DA Forms 2627 and 2627-2, where filed with any of these forms, will be considered to be maintained separately for the purpose of determining the admissibility of the original or copies of DA Forms 2627 or 2627-2 at courts-martial . . .*"; and

Paragraph 3-44(b) authorizing a record of non-judicial punishment "*not otherwise inadmissible*" to be admitted at courts-martial from any file in which it is properly maintained by regulation. (Emphasis added).

Taken together, these paragraphs of AR 27-10 authorize admission of records of Article 15 (as recorded on DA Forms 2627 or 2627-2) that are "not otherwise inadmissible" as personnel records in accordance with R.C.M. 1001(b)(2) and require that the Article 15 (as recorded on DA Forms 2627 or 2627-2) and the allied papers be considered to be filed separately when determining the admissibility of the Article 15 forms.

Army Regulation 27-10 does not contain a rule of completeness authorizing admission of allied papers along with the record of punishment under Article 15. Allied papers, which may contain all sorts of inadmissible hearsay and extraneous material, may themselves be admissible in whole or in part separately from the Article 15 as recorded on DA Forms 2627 or 2627-2. However, the allied papers

must have an independent basis for admission and pass the Mil. R. Evid. 403 balancing test.[7]

In this case, the military judge erred on both prongs of his ruling allowing admission of the allied papers. First, he ruled that the DA 2627 and the allied papers were one record and admitted the allied papers based on a rule of completeness. This was error because AR 27-10 specifically severs the admissibility analyses regarding records of nonjudicial punishment and the allied papers related to those records. Consequently, the judge abused his discretion by admitting the allied documents under "the rule of completeness."

Second, the military judge erred when he admitted the allied papers "based on [a] balancing test." The military judge did not read the allied papers prior to admitting them. A military judge cannot conduct a proper analysis under Mil. R. Evid. 403 to determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice without first knowing what the evidence is. Therefore, we afford the judge no deference. In this case, the allied papers contain inadmissible hearsay and extraneous information derogatory to appellant, such as witness statements describing specific instances of uncharged misconduct that appellant: missed duty hours at one point for 90 days; argued with other soldiers; confronted other noncommissioned officers (NCOs) in the section; called a female NCO a "bitch"; made racist, disrespectful, and unprofessional comments; lost his security clearance; had alcohol related issues; engaged in inappropriate behavior with another soldier; and was removed from the Advanced Non-Commissioned Officer Course.[8] The military judge's ruling that the probative value of the allied papers was not substantially outweighed by the danger of unfair prejudice was premature and constituted an abuse of discretion.

Assuming that all of the allied papers were not admissible, we nonetheless hold that appellant was not materially prejudiced by the admission of these documents. To examine prejudice, we must determine whether admission of the allied papers substantially influenced the adjudged sentence. *See Griggs*, 61 M.J. at 410; *Reyes*, 63 M.J. at 268. In this evaluation, we "weigh factors on both sides." *United States v. Eslinger*, 70 M.J. 193, 201 (C.A.A.F. 2011).

On the one hand, the military judge considered the allied papers that contained the inadmissible hearsay and extraneous information derogatory to

---

[7] To the extent that *United States v. Robinson*, 30 M.J. 548 (A.C.M.R. 1990) can be construed as inconsistent with this opinion, it is overruled.

[8] One witness described appellant as "garbage" in the allied papers.

appellant described above. The military judge also sentenced appellant to the sentence the government requested, reduction to the grade of E-1 and a bad-conduct discharge. Furthermore, appellant presented mitigation evidence that included 15 years of service with two combat tours and a diagnosis of post-traumatic stress disorder. On the other hand, the government presented extensive admissible evidence in aggravation, to include the DA Form 2627 record of punishment under Article 15 that was properly admitted under R.C.M. 1001(b)(2) and Mil. R. Evid. 403. This Article 15 provided aggravating evidence that appellant, within several years of his current misconduct, while holding the rank of Staff Sergeant, engaged in misconduct remarkably similar to the disrespect, assaultive conduct, and unauthorized wearing of badges that form the gravamen of his current convictions. The government also properly admitted aggravating evidence of appellant's 2007 civilian conviction for driving under the influence of alcohol and appellant's 2005 record of punishment under Article 15 for incapacity for duty due to overindulgence of alcohol and failure to repair. Finally, trial counsel did not reference any of the inadmissible information in the allied papers in his sentencing argument.

Considering the record as a whole, to include the offenses for which appellant was convicted and the significant amount of evidence properly admitted in aggravation, extenuation, and mitigation, we are confident the military judge was not substantially influenced by the inadmissible information in the allied papers in arriving at the adjudged sentence in this case. *See id*.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7