# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER L. PONCE**
**United States Army, Appellant**

ARMY 20140556

Headquarters, 25th Infantry Division
David L. Conn, Military Judge (arraignment)
Craig S. Denney, Military Judge (trial)
Lieutenant Colonel Steven M. Ranieri, Acting Staff Judge Advocate (pretrial)
Colonel William D. Smoot, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief and on brief in response to specified issues).

For Appellee: Major A.G. Courie III (on brief); Colonel John P. Carrell, JA; Major A.G. Courie III; Major John K. Choike, JA; Captain Jihan Walker, JA (on brief in response to specified issues).

11 March 2016

---------------------------------
OPINION OF THE COURT
---------------------------------

CELTNIEKS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of willfully disobeying a superior commissioned officer, one specification of failure to obey a lawful general order, one specification of wrongful possession of marijuana, and one specification of wrongful use of marijuana, in violation of Articles 86, 90, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 912a (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with forty-two days of pretrial confinement credit.

This case is before the court for review under Article 66, UCMJ. The initial briefs submitted by the parties assigned no errors, and appellant personally raised

matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that were without merit. This court specified three issues for further review and briefing; the following issue was specified in our order:

> WHETHER THE MILITARY JUDGE ABUSED HIS
> DISCRETION BY ADMITTING, OVER DEFENSE
> OBJECTIONS, PROSECUTION EXHIBIT 2, THE
> APPELLANT'S ENTIRE OFFICIAL MILITARY
> PERSONNEL FILE (OMPF), WHICH INCLUDED A
> COMPLETED STANDARD FORM 86 SECURITY
> CLEARANCE APPLICATION, INTO EVIDENCE
> DURING THE GOVERNMENT'S SENTENCING CASE?

## FACTS

During presentencing, trial counsel offered and the military judge admitted, over defense counsel's objections, Prosecution Exhibit [hereinafter PE] 2, appellant's entire official military personnel file [hereinafter OMPF]. The OMPF included appellant's United States Office of Personnel Management Standard Form 86, Questionnaire for National Security Positions (revised September 1995) [hereinafter SF 86]. Appellant completed the SF 86 on 23 February 2007, eleven days before he entered active duty.[1] In response to questions on the SF 86, appellant listed offenses he had been arrested for, charged with, or convicted of, and described his experimental use and possession of illegal drugs. All incidents and activities appellant entered on the SF 86 predated his military service, and several entries involved juvenile misconduct.

Trial counsel argued the OMPF was admissible under Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(2) (authorizing admission of personal data and character of prior service of the accused from personnel records maintained in accordance with departmental regulations). Defense counsel objected to the admission of the OMPF on foundation, authentication, and hearsay grounds. The following discussion occurred between the military judge and counsel regarding R.C.M. 1001(b)(2):

> DC: Sir, in reading the rule, I believe it says more
> information that [sic] is necessary. I think that what the
> rule intends is an opportunity to introduce evidence about
> the accused's marital status, number of dependents, and
> his character of prior service. If that's the case, I would

---

[1] Appellant's active duty enlistment contract (also included in PE 2) is dated 6 March 2007. This date corresponds with appellant's basic active service date (BASD), pay entry basic date (PEBD), and basic enlisted service date (BESD) on his enlisted record brief enclosed within the stipulation of fact (PE 1).

ask for an opportunity to review that OMPF and remove those documents that I don't think the court should support [sic] their rule. It's not an all-inclusive -- just because it happens to be part of the OMPF, everything is included.

MJ: Well R.C.M. 1001(b)(2) [sic] says that personnel records of the accused -- any records maintained in accordance with departmental regulation will reflect past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document that is inaccurate or incomplete or any matter that is not admissible, the matter shall be determined. I guess what I need to do is know which ----

DC: Sir, I'm specifically talking about the SF 86 -- the mission [sic] that was presented for purposes of a security clearance. That contains information outside of his military service which I don't think is relevant here today.

MJ: Okay, so is that -- is there a particular page you're referring to? It looks like this [PE 2] for identification is [a] 128-page document; do you know what page you're referring to?

. . . .

TC: I'm not sure what page it is, sir, but I can direct you to it when I see it. That's the document that the government is interested in presenting, Your Honor. The government's argument is that it goes to [appellant's] rehabilitative potential.

DC: And again, sir the information in the SF 86 details information outside of his military service. And with respect to information that's in those documents, I would argue that that is hearsay. There is no basis at all with respect to the information in there to be able to refute it. He doesn't have any opportunity to -- there is no additional information other than what's there.

MJ: Yes I understand and the government's response is the business record exception. Do you have any response to that?

3

Defense counsel acknowledged the OMPF, including the SF 86, was "obviously" a business record, but reiterated the SF 86 contains information about appellant's "interactions with law enforcement" that occurred prior to his enlistment, and appellant did not contemplate the information would be used against him at a subsequent court-martial when he completed the form. The exchange between the parties continued:

> MJ: The objection is going to be overruled. [PE 2] is admitted. The court interprets RCM 1001(b)(2) states [sic] that the personnel records of the accused include any records made or maintained in accordance with departmental regulations that reflect past military efficiency, conduct, performance, and the history of the accused. While the defense objects to contents, specifically the SF 86 form and [PE 2] stating that it is not admissible, the court finds that [PE 2] qualifies as a business record exception to the rules of hearsay and there is a proper authentication -- certification from the iPerms [personnel electronic records management system] support team Army Soldier Records Branch. The court will ----
>
> DC: Sorry, sir, we had one other objection that we made on the record ----
>
> MJ: Sure.
>
> DC: ---- and that was 403 with respect to the document.
>
> TC: And, Your Honor, the government's response to that is that this definitely is probative and it goes to the accused's rehabilitative potential. The document in question details [appellant's] history with illegal drugs.
>
> MJ: Okay. The defense's objection is overruled. [PE 2] is in evidence.
>
> TC: The government rests, Your Honor.

The military judge then recited the first sentence of Military Rule of Evidence [hereinafter Mil. R. Evid.] 803(6) and stated: "The court finds that [PE 2] qualifies as a business record and also has the appropriate self-authenticating certification under 902(11) of the military rules of evidence for a certified domestic record of regularly conducted activity. The court finds that [PE 2] is the . . . OMPF

4

maintained by the Army . . . for [appellant]." The military judge did not explain how appellant's civilian misconduct in the SF 86 squared with R.C.M. 1001(b)(2), and he did not articulate his Mil. R. Evid. 403 balancing test on the record.

During closing argument, trial counsel made the following assertion:

> Your Honor, as reflected in his [OMPF], [appellant] has been using illegal drugs since at least 2005. Prior to entering the Army, [appellant] disclosed that he recreationally used marijuana to include pot, Acapulco Gold, grass, sensimilla, and Thai sticks. He also disclosed that he was ordered to complete a drug program by the Downey Superior Court in Los Angeles. Despite all this, the Army gave [appellant] a clean, fresh start. He was given the opportunity to change his old way of life and begin anew. But instead of taking advantage of this opportunity and the privilege of service, [appellant] selfishly took advantage of the Army.

## LAW AND DISCUSSION

We hold the military judge erred by admitting the SF 86 included in PE 2 under the facts of this case. Information that is properly maintained in a military personnel record is not automatically admissible under R.C.M. 1001(b)(2).

When a military judge admits evidence in aggravation during sentencing over defense objection, we review the judge's decision for an abuse of discretion. *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009) (citing *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009)). When we conclude the military judge has abused his discretion, we must determine whether admission of the evidence "substantially influenced the adjudged sentence." *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005).

Rule for Courts-Martial 1001(b)(2) authorizes admission of an accused's personnel records "[u]nder regulations of the Secretary concerned." Personnel records include "any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused" in the context of his prior service. R.C.M. 1001(b)(2).[2] This rule, however, "does not provide blanket authority to introduce all information that

---

[2] Appendix B, para. B-1a of Army Regulation 600-8-104, Personnel-General: Army Military Human Resources Records Management (7 April 2014), in effect at the time of the appellant's trial, lists SF 86 security clearance applications as required documents in personnel records.

happens to be maintained in the personnel records of an accused. Personnel records may contain entries of questionable accuracy, relevance, or completeness." *United States v. Ariail*, 48 M.J. 285, 287 (C.A.A.F. 1998). "'[W]hat the [g]overnment cannot successfully introduce into evidence through the front door it cannot successfully introduce through the back door via an administrative record-keeping regulation.'" *United States v. Delaney*, 27 M.J. 501, 504 (A.C.M.R. 1988) (quoting *United States v. Brown*, 11 M.J. 263, 266 (C.M.A. 1981)).

Even if admissible under R.C.M. 1001(b)(2), evidence may be excluded under Mil. R. Evid. 403 when "its probative value is substantially outweighed by the danger of unfair prejudice . . . ." *Cf. Ashby*, 68 M.J. at 120. A military judge who conducts a proper balancing test under Mil. R. Evid. 403 "will not be overturned unless there is a 'clear abuse of discretion.'" *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000) (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). A military judge receives less deference if he fails to articulate his balancing analysis on the record and receives no deference if he fails to conduct the Mil. R. Evid. 403 balancing test at all. *Id.*

In this case, the military judge lost sight of the service connection parameters of R.C.M. 1001(b)(2). In response to defense counsel's hearsay objection, the military judge erred by exclusively focusing on whether the SF 86 in PE 2 was a business record under Mil. R. Evid. 803(6) that was properly authenticated in compliance with Mil. R. Evid. 902. While R.C.M. 1001(b)(2) provides an opportunity for the government to introduce evidence from appellant's personnel records regarding his character of prior service, an SF 86 security clearance questionnaire filled with information that predates appellant's enlistment is not admissible under this rule. The relevance of the SF 86 does not expand to reflect appellant's military history merely because the document is in his OMPF.

There is no supplemental rationale to explain why the military judge admitted the SF 86 into evidence because he did not articulate a Mil. R. Evid. 403 balancing analysis on the record. Moreover, it does not appear the military judge adequately reviewed all 128 pages of PE 2 prior to his ruling. "A military judge cannot conduct a proper analysis under Mil. R. Evid. 403 to determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice without first knowing what the evidence is." *United States v. Heyward*, 73 M.J. 905, 908 (Army Ct. Crim. App. 2014) (*pet. denied* 73 M.J. 319). Consequently, we afford the military judge no deference.

We conducted a Mil. R. Evid. 403 balancing test for the SF 86 information in the absence of such analysis from the record and consistent with methodology applied by this court in *Heyward*. Appellant self-reported the following pre-service misconduct on his SF 86: Juvenile offenses comprising possession of graffiti tools, obstructing a peace officer, campus disruption, loitering, failure to appear, and

trespassing between 2000 and 2002 (while appellant was 14 and 16 years-old); possession of less than an ounce of marijuana and underage possession of alcohol in 2005;[3] and "experimental" marijuana use in 2006.  Given there is no evidence of any misconduct by appellant until the first of the offenses to which he pleaded guilty in 2013, coupled with the derogatory nature of his extraneous juvenile record, we find the danger of unfair prejudice substantially outweighs the probative value of the SF 86 information in this particular case.

Paragraph 5-29(a) of Army Regulation 27-10, Legal Services:  Military Justice (3 October 2011), lists specific examples of personnel records that may be presented by trial counsel at sentencing for purposes of R.C.M. 1001(b)(2). Notably, the SF 86 is not included in this provision.[4]  As a practical matter, adverse use of pre-service information from security clearance questionnaires at subsequent criminal proceedings could have a chilling effect on the background investigation process.  Using such information for purposes other than determining suitability for clearances may deter recruits and new soldiers from being forthcoming.

Notwithstanding the military judge's abuse of discretion, we hold that appellant was not materially prejudiced by the admission of the SF 86 in PE 2.  To examine prejudice, we must determine whether admission of the SF 86 substantially influenced the adjudged sentence.  *See Griggs*, 61 M.J. at 410; *Reyes*, 63 M.J. at 268.  "In this evaluation, we 'weigh factors on both sides.'"  *Heyward*, 73 M.J. at 908 (quoting *United States v. Eslinger*, 70 M.J. 193, 201 (C.A.A.F. 2011)).

On one side, the military judge considered evidence that was improperly admitted under R.C.M. 1001(b)(2), and trial counsel referenced extraneous derogatory information from the inadmissible SF 86 in his sentencing argument. Additionally, appellant presented mitigation evidence that included seven years of service with two twelve-month combat tours in Afghanistan, and hospitalization for depression following his most recent deployment.

---

[3] For the marijuana possession and underage possession of alcohol in 2005, appellant listed completion of an eight-hour drug program and twenty-four hours of community service, respectively, ordered by the Downey Superior Court in Los Angeles County, California.  Under the circumstances, we do not evaluate whether these entries constitute prior civilian convictions of the appellant under R.C.M. 1001(b)(3) because this rule was not invoked during trial and there is not enough information in the record to make a determination.

[4] The SF 86 and other documents related to security clearances are also not included on a list of "memoranda, reports, records, or data compilations normally admissible" as records of regularly conducted activity pursuant to Mil. R. Evid. 803(6).

On the other side, the weight of the factors cuts against concluding appellant was prejudiced. The government presented significant admissible evidence in aggravation related to the charged offenses to which appellant pleaded guilty, including testimony describing appellant's blatant possession of marijuana in the barracks, his direct disobedience of a lawful order in front of fellow unit members commanded by the issuing officer, and the repetitive nature of his misconduct. Further, the civilian misconduct in the SF 86 was relatively minor and occurred at least seven years before the offenses. Finally, appellant faced a maximum punishment of thirteen years of confinement, forfeiture of all pay and allowances, reduction to the grade of E-1, and a dishonorable discharge; he received eight months of confinement, reduction to the grade of E-1, and a bad-conduct discharge. The military judge sentenced appellant to substantially less punishment than the government requested, and four months less confinement than appellant bargained for in the pretrial agreement.[5]

Considering the record as a whole, to include the offenses of which appellant was convicted and the evidence properly admitted in aggravation, extenuation, and mitigation, we are confident the military judge was not substantially influenced by the inadmissible information from the SF 86 in arriving at the adjudged sentence in this case.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CAMPANELLA concurs.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Trial counsel argued for fifteen months confinement, reduction to the grade of E-1 and a bad-conduct discharge. The pretrial agreement in this case capped confinement at no more than twelve months.