UNITED STATES, Appellee

v.

Nicolas REYES, Corporal
U.S. Marine Corps, Appellant

No. 05-0550

Crim. App. No. 200301064

United States Court of Appeals for the Armed Forces

Argued April 18, 2006

Decided June 29, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Lieutenant Brian L. Mizer, JAGC, USNR (argued).

For Appellee:  Major Wilbur Lee, USMC (argued); Commander
Charles N. Purnell II, JAGC, USN (on brief); Colonel Ralph F.
Miller, USMC.


Military Judge:  L. K. Burnett


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of conspiracy to commit assault, assault (two specifications), and drunk and disorderly conduct, in violation of Articles 81, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 928, 934 (2000). The adjudged sentence included a bad-conduct discharge, restriction for twenty-three days, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Reyes, No. NMCCA 200301064, 2005 CCA LEXIS 132, at *18, 2005 WL 995676, at *7 (N-M. Ct. Crim. App. Apr. 29, 2005) (unpublished).

On Appellant's petition, we granted review of the following issues:

> I. WHETHER THE COURT OF CRIMINAL APPEALS ERRED BY HOLDING THAT THERE WAS NO REASONABLE PROBABILITY THAT THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT BUT FOR DEFENSE COUNSEL'S INEFFECTIVE ASSISTANCE IN FAILING TO OBJECT TO THE ADMISSION OF VARIOUS DOCUMENTS IN THE APPELLANT'S SERVICE RECORD BOOK.
>
> II. WHETHER THE COURT OF CRIMINAL APPEALS ERRED BY HOLDING THAT APPELLANT WAS NOT MATERIALLY PREJUDICED BY THE MILITARY JUDGE'S PLAIN ERROR IN ADMITTING INTO EVIDENCE VARIOUS DOCUMENTS IN APPELLANT'S SERVICE RECORD BOOK.

> III. WHETHER THE COURT OF CRIMINAL APPEALS
> ERRED BY HOLDING THAT APPELLANT WAS NOT
> MATERIALLY PREJUDICED BY THE MILITARY
> JUDGE'S PLAIN ERROR IN INSTRUCTING THE
> PANEL THAT IT COULD SENTENCE THE
> APPELLANT TO A DISHONORABLE DISCHARGE.

For the reasons set forth below, we authorize a rehearing on the sentence.

## I.   BACKGROUND

Appellant's court-martial stemmed from his participation in a late night brawl involving two groups.  The first group, composed of five Marines, included Appellant.  The second group included two Marines and four civilians.  The evidence, as summarized by the Court of Criminal Appeals, showed that:

> [A]ppellant and four of his friends walked
> into a restaurant in Washington, D.C. and,
> in short order, got into a scuffle with an
> opposing party of 6 men.  The police arrived
> quickly, separated the two factions, and
> after a cursory investigation, elected to
> let each side go their own way.

Reyes, 2005 CCA LEXIS 132, at *11, 2005 WL 995676, at *4.  The next encounter between the two groups occurred on the highway and continued when the vehicles pulled off the road:

> Apparently dissatisfied with the outcome of
> the initial round of pugilism, the appellant
> and his group spotted the opposing group's
> vehicle and, after an exchange of
> obscenities, began to give chase on a
> highway.
>
> The evidence also showed that the
> appellant's vehicle (operated by one of the
> appellant's co-conspirators) attempted to

3

> pull in front of the opposing group's
> vehicle in an effort to stop it, and that
> the chase continued for a number of miles.
> When the opposing group's vehicle pulled off
> the highway, the appellant's vehicle
> followed.  There was no evidence presented
> that the appellant voiced an objection to
> the chase or otherwise attempted to dissuade
> his cohorts.  Instead, the evidence showed
> that the appellant's co-conspirators were
> angry and combative, and the appellant
> himself told investigators in a pretrial
> statement that his intentions were, "I don't
> know, I guess to fight."

2005 CCA LEXIS 132, at *11-*12, 2005 WL 995676, at *4.  A fight

then ensued:

> Once the vehicles stopped, the evidence
> showed that Sergeant (Sgt) D'Leon, an
> occupant of the other car who recognized the
> appellant from work, attempted to act as a
> peacemaker.  In response, the appellant
> punched Sgt D'Leon in the nose, which
> ignited the fuse for the second brawl of the
> evening.  It was during the second round
> that the appellant struck at least one other
> person with a baseball bat.

2005 CCA LEXIS 132, at *12, 2005 WL 995676, at *4.

The members acquitted Appellant of one of the assault

charges, modified a charge of conspiracy to commit assault,

reduced a specification of assault with a deadly weapon to the

lesser included offense of assault consummated by a battery, and

convicted Appellant of the assault and related charges noted at

the outset of this opinion.

During the sentencing phase of Appellant's court-martial,

the prosecution offered into evidence Prosecution Exhibit (PE)

4

6, which trial counsel represented to be "excerpts from [Appellant's] Service Record Book." The military judge admitted the 139-page exhibit into evidence without further inquiry and without an objection from trial defense counsel.

As noted by the Court of Criminal Appeals, a variety of unrelated documents were "[t]ucked between the actual excerpts" from the Service Record Book. Reyes, 2005 CCA LEXIS 132, at *3, 2005 WL 995676, at *1. The extraneous material included, among other documents, the entire military police investigation and the pretrial advice that the staff judge advocate (SJA) submitted to the general court-martial convening authority under Article 34, UCMJ, 10 U.S.C. § 834 (2000).

The extraneous material included pictures that the military judge had determined were inadmissible, substantial amounts of inadmissible hearsay concerning the events, and Appellant's pretrial offer to plead guilty to charges on which the members had just returned a verdict of acquittal. Reyes, 2005 CCA LEXIS 132, at *3-*4, 2005 WL 995676, at *1. The Court of Criminal Appeals noted that the exhibit provided the members with a substantial amount of inadmissible evidence, adding:

> We are at a loss as to how the trial counsel could in good faith represent to the military judge that these materials were excerpts from the appellant's service record without a further explanation as to their contents. We are equally perplexed by the trial defense counsel's failure to object to

5

>       the introduction of these portions of the
>       exhibit, and by the military judge's failure
>       to inquire further before admitting the
>       exhibit.

2005 CCA LEXIS 132, at *4-*5, 2005 WL 995676, at *1.

The lower court applied our holding in United States v. Powell, 49 M.J. 460, 463-65 (C.A.A.F. 1998), which states that in the absence of objection at trial, the reviewing court will apply a plain error analysis under which Appellant must show that there was an error, that the error was plain or obvious, and that the error materially prejudiced a substantial right. 2005 CCA LEXIS 132, at *2, 2005 WL 995676, at *1. The lower court held that the military judge erred in admitting this material and that defense counsel's failure to object constituted deficient performance. 2005 CCA LEXIS 132, at *5, 2005 WL 995676, at *1. The court also held that the military judge erroneously instructed the members that they could impose a dishonorable discharge, even though such a punishment was not authorized for the offenses resulting in a conviction. 2005 CCA LEXIS 132, at *17, 2005 WL 995676, at *6. The court concluded that these errors were plain and obvious, but not prejudicial. 2005 CCA LEXIS 132, at *5-*6, *17-*18, 2005 WL 995676, at *1-*2, *6.

## II.  DISCUSSION

Issues II and III involve the third prong of the plain error test -- whether Appellant has demonstrated that the errors materially prejudiced a substantial right.  In the present appeal, Appellant has not challenged the sentence appropriateness determination of the court below.  The issue before us is whether the errors during the sentencing phase of Appellant's court-martial had a prejudicial impact on the process by which the members determined the appropriate punishment.  In that context, if this Court concludes that the panel might have been "substantially swayed" by the error during the sentencing process, Appellant has met his burden.  See United States v. Clark, 62 M.J. 195, 201 (C.A.A.F. 2005) (citing Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

The military judge instructed the members to deliberate on all of the evidence that was presented.  In light of the secrecy of panel deliberations, see Military Rule of Evidence (M.R.E.) 606(b), and the presumption that the members follow the instructions of the military judge, see United States v. Taylor, 53 M.J. 195, 198 (C.A.A.F. 2000), we presume that the members viewed and considered all of the evidence placed before the panel, including the erroneously admitted documents contained in PE 6.

Although some of the witness statements and photographs included in the military police investigation reflected evidence admitted on the merits, a number of key items contained information that was not otherwise included in the record. For example, PE 6 included eleven photographs of injuries not directly attributable to the offenses of which Appellant was convicted, creating the risk that the members sentenced Appellant for injuries that he did not inflict. The SJA's pretrial advice contained Appellant's offer to plead guilty to all of the charges against him. In view of the fact that the members had just acquitted Appellant of some of the charges, the information in the SJA's pretrial advice -- that before trial Appellant was willing to admit guilt to those offenses -- could have left the members with the negative impression that Appellant had deceived them at trial. As such, this information could have substantially influenced the members when imposing the sentence. See United States v. Vasquez, 54 M.J. 303, 306 (C.A.A.F. 2001) (citing Kotteakos, 328 U.S. at 765).

In our assessment of prejudice, we also consider the military judge's erroneous instruction on the maximum punitive discharge. An instruction on the maximum punishment advises the members as to the seriousness of the offense or offenses. Compare Rule for Courts-Martial (R.C.M.) 1003(b)(8)(B), with R.C.M. 1003(b)(8)(C). Instructing the panel that they could

adjudge a dishonorable discharge overstated the seriousness of the offenses for sentencing purposes. When combined with the erroneous admission of extraneous information, the instructional error resulted in a substantial risk that the members were misinformed both as to the evidence that they could consider and the range of punishments that they could impose.

In the present case, the members adjudged a sentence that included a bad-conduct discharge and restriction for twenty-three days. In view of the relatively brief period of restriction and the absence of confinement, a punitive discharge was not a foregone conclusion. In that context, and in light of the cumulative impact of the errors during sentencing, we cannot be confident that the errors did not "substantially sway" the members in their decision to adjudge a punitive discharge in Appellant's case. See Clark, 62 M.J. at 201 (citing Kotteakos, 328 U.S. at 765).

In light of this conclusion, we need not address the remaining issue as to ineffective assistance of counsel.


### III. CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed as to findings and reversed as to sentence. The sentence is set aside, and the record is

returned to the Judge Advocate General of the Navy.  A rehearing on the sentence is authorized.