EFFRON, Chief Judge
(concurring in part and dissenting in part):
Trial counsel’s sentencing argument provided the members with an erroneous portrayal of the evidence of record. Trial counsel compounded his misstatement of facts by making an argument that encouraged the members to draw adverse inferences from Appellant’s exercise of his right to plead not guilty and his right to remain silent. I respectfully dissent from the portion of the majority opinion that concludes that any error in trial counsel’s argument was not plain or obvious.
The errors occurred during trial counsel’s attempt to describe the evidence and responsibilities of the panel during sentencing. At this point in the trial — the closing argument on sentencing — the prosecution had the opportunity to provide carefully prepared remarks. We are not dealing here with a stray comment spontaneously offered during an interactive exchange with opposing counsel, the *492 military judge, or a witness. Trial counsel’s repeated assertion that Appellant “won’t admit” that he committed the charged offenses constituted plain error, warranting relief.
As noted in the majority opinion, the prosecution may not comment in sentencing argument upon an accused’s exercise of his or her constitutionally protected rights. United States v. Johnson, 1 M.J. 213, 215 (C.M.A.1975). Nonetheless, an accused’s refusal to admit guilt after findings may be considered by the members in deliberations on rehabilitative potential, as long as a proper foundation has been laid for the argument. United States v. Edwards, 35 M.J. 351, 355 (C.M.A.1992). The foundation may consist of testimony or an unsworn statement by the accused in which no remorse is expressed, or the expression is arguably “shallow, artificial, or contrived.” Id. Other evidence in the record also may provide a foundation, but an argument based upon an accused’s recalcitrance to admit guilt or express remorse may not be drawn from the decision not to testify or to plead guilty. Id.
Here, there was no foundation for trial counsel’s comments. Appellant did not testify. He did not submit an unsworn statement at sentencing. The defense witness, Dr. Stone, did not testify that Appellant refused to admit his offenses or that he expressed a lack of remorse. Indeed, the record contains no testimony from Dr. Stone recounting anything Appellant told him regarding admitting the offenses, taking responsibility for them, or feeling or lacking remorse. Nor did trial counsel ask Dr. Stone whether Appellant admitted his offenses when trial counsel had the opportunity to do so during cross-examination. There was no evidence in the record that Appellant refused to admit his guilt other than the two prohibited items upon which the prosecution could not comment— Appellant’s decision not to testify and his decision to plead not guilty.
The prosecution, in its sentencing argument, mischaracterized the evidence about Appellant by stating: “[H]e won’t admit what he has done. He won’t admit it to his doctor. He won’t admit it to himself and until he admits it, he can’t even get into the treatment.” Those words constitute the testimony of trial counsel, not the evidence presented by the witness, and this testimony was erroneously considered by the members during sentencing. See, e.g., United States v. White, 36 M.J. 306, 308 (C.M.A.1993).
Following a finding of error, the plain error standard requires a determination of whether the error was plain or obvious and whether it materially prejudiced Appellant’s substantial rights. See United States v. Haney, 64 M.J. 101, 105 (C.A.A.F.2006) (citation omitted). The error was plain because there was no permissible evidence in the record from which to argue that Appellant “won’t admit what he has done.” Appellant did not testify and did not submit an unsworn statement. Dr. Stone, the source relied upon in trial counsel’s sentencing argument, did not testify that Appellant had either admitted or failed to admit the charged offenses from Appellant. In the course of testifying about the results of psychological tests, Dr. Stone did not provide a factual basis for trial counsel’s erroneous statements about what Appellant did not say or do.
Trial counsel delivered a sentencing argument that prominently asserted Appellant’s lack of rehabilitative potential. Trial counsel argued that Appellant should receive a longer sentence because he did not admit to committing the charged offenses: “He needs to be there [treatment facility]. We know it is going to take him a while, because he won’t admit what he has done. He won’t admit it to his doctor. He won’t admit it to himself and until he admits it, he can’t even get into the treatment.” Significantly, the members gave Appellant a sentence that was six years longer than the sentence requested by trial counsel. In this context, we cannot be confident that the panel was not “substantially swayed” by the error in trial counsel’s sentencing argument. United States v. Reyes, 63 M.J. 265, 267 (C.A.A.F.2006) (citations and quotation marks omitted).
Under these circumstances, we should order a rehearing on the sentence. Accordingly, I respectfully dissent from the majority opinion’s discussion of Issue I and Issue II, Part (2), both of which concern trial counsel’s *493 sentencing argument. I concur in the majority opinion with respect to the balance of Issue II (other allegations of ineffective assistance of counsel) and Issue III (multiplicity and unreasonable multiplication of charges).