# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TERRE W. MARTIN**
**United States Army, Appellant**

ARMY 20120898

Headquarters, Seventh U.S. Army Joint Multinational Training Command
Joshua S. Shuey, Military Judge
Major John L. Kiel, Jr., Acting Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

16 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of larceny of military property of a value of $500 or less on divers occasions, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006).  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, a $10,000 fine, and reduction to the grade of E-1.  The convening authority waived automatic forfeitures for a period of six months and only approved so much of the sentence as extends to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant's sole assignment of error warrants discussion but no relief.  Appellant correctly notes that one government sentencing witness, Mr. DS, was never placed under oath.  For the reasons explained below, this error did not materially prejudice the substantial

rights of appellant, and, accordingly, we affirm the findings and the sentence. *See* UCMJ art. 59(a).

Appellant entered provident pleas of guilty to stealing funds from the dining facility (DFAC), where he worked. Appellant repeatedly stole cash from the DFAC and repeatedly attempted to hide his larceny by adjusting the headcount numbers downward in a DFAC database, the Armed Forces Management Information Service (AFMIS). A DFAC with a lower headcount generally would have corresponding lower amounts of revenue. Appellant thus evaded detection until the government discovered abnormally large numbers of lowered headcounts. Appellant estimated that he stole approximately $3,000, but also acknowledged that he did not know how much he stole.

In its pre-sentencing case, the government attempted to establish a more precise amount stolen by appellant. The government called several witnesses and the military judge admitted hundreds of pages of documentary evidence. The sentencing case culminated with the expert testimony of Ms. MH, an auditor and accountant assigned to the Internal Review and Audit Compliance Office, U.S. Army Europe. Ms. MH, after reviewing much of the government's case, testified that the DFAC in question had $47,173.65 in headcount reductions, and appellant was responsible for 77% of those reductions. The military judge admitted a spreadsheet (Pros. Ex. 17) reflecting Ms. MH's calculations.

Ms. MH relied, *inter alia*, on four prosecution exhibits (Pros. Ex. 10-13), which were printouts of logs of DFAC meal adjustments occurring while appellant worked there. Those logs identified the person who made the headcount reductions. Included in each of those exhibits were attestation certificates signed by Mr. DS, a technician with AFMIS. The government also called Mr. DS as a telephonic witness, but did not administer an oath to him. Appellant did not object at trial to this failure to swear Mr. DS. Mr. DS only testified about the nature of the exhibits at issue. The military judge ultimately admitted Pros. Exs. 10-13.

The government's failure to administer an oath to Mr. DS is error that is plain and obvious. *See United States v. Washington*, 63 M.J. 418, 424 (C.A.A.F. 2006); Rule for Courts-Martial 807(b)(1)(B); Military Rule of Evidence [hereinafter Mil. R. Evid.] 603. However, Mr. DS's testimony was not necessary for the admission of Pros. Exs. 10-13. Those records are records of regularly conducted activities. Mil. R. Evid. 803(6). Mr. DS's attestation certificates sufficiently authenticated those exhibits for purposes of admissibility. Mil. R. Evid. 902(11). While appellant at trial presented an email from Mr. DS indicating that he "resorted and reformatted" the data to be clearer, we find that these circumstances of production do not indicate a lack of trustworthiness for those exhibits. Mil. R. Evid. 803(6). Nothing in the record indicates that Mr. DS altered or otherwise manipulated the data except to

make it clearer.  For example, Mr. DS sorted the meal data by date of the meals, instead of when the data was entered into the system.

Even if Pros. Exs. 10-13 were inadmissible, we are not convinced that these exhibits substantially influenced the adjudged sentence.  *See United States v. Reyes*, 63 M.J. 265, 267-68 (C.A.A.F. 2006).  As described above, Pros. Exs. 10-13 were subsumed within Pros. Ex. 17 and the testimony of Ms. MH.  Ms. MH could rely on Pros. Exs. 10-13 (among other information) in forming her expert testimony and her properly-admitted spreadsheet.  *See* Mil. R. Evid. 703.  Thus, whether or not Pros. Exs. 10-13 were admissible, the contents of those exhibits were cumulative with the evidence properly admitted at trial.

## CONCLUSION

Upon consideration of the entire record, the findings and the sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court