# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LANCE K. PEOPLES**
**United States Army, Appellant**

ARMY 20160664

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate

For Appellant: Captain Cody D. Cheek, JA; Major J. David Hammond, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Lieutenant Colonel Teresa T. Phelps, JA (on brief).

1 May 2018

---------------------------------------------------
SUMMARY DISPOSITION
---------------------------------------------------

Per Curiam:

This case involves the admission over defense objection during sentencing of documents culled from the appellant's Army Military Human Resources Records (AMHRR). A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of a four year absence without leave from his unit in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ]. Appellant did not have the benefit of a pre-trial agreement. The convening authority (CA) approved the adjudged sentenced to a bad-conduct discharge, sixty-five days confinement, and reduction to the grade of E-1. The CA also credited appellant with seven days of confinement credit against the sentence to confinement. This case is before the court for review pursuant to Article 66, UCMJ.

Appellant alleges the military judge erroneously admitted during sentencing two prosecution exhibits consisting of documents found in his AMHRR.[1]  Both documents regarded his failure to assess into the National Guard out of high school, two years before he entered active duty.  Appellant further alleges the erroneous admission of the documents prejudiced the military judge's view of appellant and negatively influenced the adjudged sentence.

While we agree that military judge's admission of the National Guard enlistment documents was error, we find appellant's lenient sentence belies any prejudice to him and determine no relief is warranted.  We discuss admission of the documents below.

## LAW AND DISCUSSION

Not all documents found in appellant's AMHRR are relevant or admissible. *See United States v. Ponce,* 75 M.J. 630 (Army Ct. Crim. App. 2016).  Personnel records that reflect "the past military efficiency, conduct, performance, and history of the accused" are admissible.  Rule for Court-Martial (R.C.M.) 1001.  But even those documents must pass the Military Rule of Evidence (Mil. R. Evid.) 403 balancing test and be found to be more probative on an issue than the danger of unfair prejudice or confusion of the issues.  Whether evidence is properly admitted during sentencing is reviewed for an abuse of discretion.  *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009).

In our review of a military judge's decision to admit evidence we give the most deference to well-reasoned articulations on the record of the balancing test, less deference for failing to articulate the balancing analysis on the record, and no deference if the military judge fails to conduct the Mil. R. Evid. 403 balancing test at all.  *Ponce*, 75 M.J. at 634.

As aggravation evidence during sentencing, the trial counsel first attempted to introduce appellant's entire AMHRR.  The military judge sustained the defense counsel's objection citing both *Ponce* and Mil. R. Evid. 403 and did not admit the entire AMHRR.  He further instructed trial counsel that if they wanted "to properly separate admissible documents" from the entire AMHRR at a recess he would allow them to attempt to admit any such documents later in the proceeding.  Trial counsel then separated out two exhibits, one that related to appellant's previous attempt to join the National Guard out of high school and another that showed appellant required a waiver to enter active duty.  The documents showed that appellant was

---

[1] Consistent with the Army practice of changing acronyms every decade or so, the Official Military Personnel File (OMPF) was renamed the AMHRR.

discharged from the National Guard because he "failed to ship," a term the military judge was unfamiliar with and asked the trial counsel to explain.

The trial counsel defined the term as follows "failure to ship means that he did not report to his appointed place of duty when he enlisted in the Air [sic] National Guard, to his first assignment." The defense objected to the "proffer" from the government as to what "failure to ship" meant and asked that the government be required to provide further clarification or evidence as to the term's meaning. The military judge overruled the objection and admitted the document.

The next document the trial counsel admitted over defense objection was a DD Form 1966/4 that showed in the remarks section that appellant required an "HQ Waiver" so that he could be assessed onto active duty because of his "discharge from the ARNG for FAILURE TO SHIP TO IADT." The document further contained the notation "Appl was a HSSR at the time and moved, could not find a new unit to drill with and became apathetic." Tellingly, the document also states "Appl has zero days active duty (never shipped)."

### A. *Do the documents reflect the past military efficiency, conduct, performance, and history of the accused?*

In beginning our analysis we find a broad reading of R.C.M. 1001 could capture the prosecution exhibits taken from appellant's AMHRR that relate to his failed attempt to join the Army National Guard. The documents potentially would be admissible under the theory they are part of the "past military … history of the accused." R.C.M. 1001(b)(2). Here, appellant received an uncharacterized discharge after having served "zero days active duty." However, even if we were to find the documents admissible under such an expansive reading, they are only admissible if relevant.

### B. *What is relevance of evidence that appellant "failed to ship."*

As stated above, the government argued that appellant's failure to ship was the moral equivalent of having been absent without leave, and was therefore indicative of a pattern of behavior. If the government was correct, we would agree that the documents were relevant to determining an appropriate sentence. *See* Mil. R. Evid. 401. But, the defense disagreed with this characterization and rejected the government's proffer as to the meaning of the term.

Thus, the relevance of the documents turned on their meaning, and that meaning was never resolved at trial. It could be, that failure to ship after having served zero days of active duty was irrelevant sentencing evidence if failure to ship meant only that appellant was no longer eligible to serve after having failed to graduate high school on time. (This was the explanation offered by appellant in his

unsworn statement). It is the offering party's, i.e. the government's, failure to provide proper authority for the definition of "failure to ship" with which we find fault. Without this explanation, the relevance of the documents to sentencing cannot be determined. Thus, we find it was error to admit the documents under Mil. R. Evid. 402.[2]

### C. Prejudice

The two documents we discuss today, even if not probative, were also not prejudicial. On their face they indicated that appellant had zero days of active service. Thus, whatever meaning the documents purported to have, the weight to be given the documents was *de minimis*. Accordingly, and after having reviewed the entire record, we fail to find material prejudice to appellant.

Indeed, the lack of prejudice from the erroneous admission is reflected in appellant's lenient sentence. That is, the erroneous admission of the documents did not "substantially influence[] the adjudged sentence." *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005). Appellant's sentence of 65 days confinement, and a bad-conduct discharge (that he requested), for a four year AWOL contradicts any claim that the erroneous admission of two documents improperly influenced appellant's sentence.

Based on the entire record, we find the military judge was not substantially influenced in adjudging the sentence by the admission of the failed National Guard enlistment or the subsequent waiver required for appellant to enter active duty.

### CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] While there was no specific objection to the documents under Mil. R. Evid. 402, we treat the Mil. R. Evid. 403 objection as having included a relevance objection for purposes of our analysis today. *See* UCMJ, art. 66(c).

4